IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SYLVIA WORKMAN, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF FRANK WORKMAN, DECEASED, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, Sylvia Workman, as Special Administrator of the Estate of Frank Workman, deceased, by and through her attorneys, S. Jerome Levy & Associates, P.C., complaining against the Defendant, United States of America, states the following on information and belief:

## JURISDICTION

1.  This action arises under the Federal Tort Claims Act, 28 U.S.C. section 1346 *et seq*. This Court has jurisdiction over the claims contained herein pursuant to 28 U.S.C. section 2401(b).

2.  On information and belief, the Defendant, United States of America, hired and/or employed Hines Veterans Administration Hospital's health care providers, including physicians and nurses who treated Plaintiff's Decedent, Frank Workman, at its principal place of business at 5000 S. 5th Avenue in Hines, Illinois, located in the Northern District of Illinois, with respect to the incidents that give rise to this Complaint.

3.  The Plaintiff submitted an administrative tort claim with the Department of Health and Human Services and the United States of America which was received by them on June 12, 2014. To date, no response to such FTCA administrative claim has been received.

1

**THE PARTIES**

4.   The Plaintiff, Sylvia Workman, is a resident of Illinois and was appointed as Special Administrator of the Estate of Frank Workman, deceased, by the Circuit Court of Cook County, Illinois to pursue a cause of action related to the death of her husband and the losses suffered by the heirs as a result thereof.

5.   The Defendant, United States of America, directly hired and employed the health care providers, including physicians and nurses, to provide medical and health care services to patients, including to the Plaintiff's Decedent, Frank Workman., at Hines VA Hospital located in Hines, Illinois.

**COUNT I**
**(Count Against United States of America)**

The Plaintiff, Sylvia Workman, as Special Administrator of the Estate of Frank Workman, deceased, by and through her attorneys, S. Jerome Levy & Associates, P.C., complaining against the Defendant, United States of America, states the following on information and belief:

6.   At all relevant times, the Defendant, United States of America, doing business through Hines Veteran's Hospital (hereinafter referred to as "VA"), was and is a business entity authorized to do business and doing business in the City of Hines, County of Cook, Illinois.

7.   At all relevant times, the Defendant, VA, acting by and through its agents and employees, provided medical and health care services to patients who were veterans.

8.   At all relevant times, the Defendant, VA, provided medical and health care services to patients at its location commonly known as Hines Veterans Administration Hospital located at or near 5000 S. 5th Avenue in the City of Hines, State of Illinois.

9. At all relevant times, the Defendant, VA, provided medical and health care services to patients, including the Decedent, Frank Workman, a veteran, and when necessary and/or advisable for the safety and health of the patient, would transfer patients from Hines VA Hospital to the hospital commonly known as Loyola Medical Center located at or about 2160 South First Avenue in the City of Maywood, County of Cook, State of Illinois for medical care.

10. At all relevant times, the Defendant, VA, acting by and through its agents and employees, provided medical and health services to the Decedent, Frank Workman, a veteran, through its employees, agents, physicians and other health care providers.

11. At all relevant times, the Defendant, VA, acting by and through its agents and employees, selected which of its employees, agents, physicians and health care providers would provide care and treatment to the Decedent, Frank Workman.

12. At all relevant times, the Defendant, VA, provided care and treatment to the Decedent, Frank Workman, by and through its various physicians, nurses, technicians, and other health care providers who were employees and/or agents of the Defendant, VA.

13. At all relevant times, the Defendant, VA, acting by and through its agents and employees, established policies, procedures, rules, regulations, customs and practices to be followed by health care professionals, including physicians and other providers, while providing health care services, including cardiology, cardiac arrests care, impending cardiac arrests care, and other related care, and each of them, to patients, including the Decedent, Frank Workman, at the Defendant, VA's, above-identified location, and the Defendant, acting by and through its agents, physicians and employees, directed the health care practitioners providing medical and health care services at the Defendant, VA's hospital to abide by the aforementioned policies, procedures,

3

rules, regulations, customs and practices while providing health care services to patients at the Defendant, VA.

14.    At all relevant times, the Defendant, VA, acting by and through its agents and employees, maintained records as part of its policies, procedures, rules, regulations, customs and practices in which a patient receiving care provided by health care professionals, including physicians and other providers, was to be transferred from Hines VA Hospital to Loyola University Medical Center, including for cardiology concerns, cardiac arrests, impending cardiac arrests, and other related care, and the Defendant, acting by and through its agents, physicians and employees, directed the health care practitioners proving medical and health care services at the Defendant, VA's hospital to abide by the aforementioned policies, procedures, rules, regulations, customs and practices while providing health care services to patients at the Defendant, VA.

15.    At all relevant times, the Defendant, VA, acting by and through its agents and employees, directly or indirectly agreed or was otherwise to have is agents and employees, including but not limited to its physicians, nurses, technicians and other practitioners, who were providing care and treatment, to patients, including the Decedent, Frank Workman, at the hospital commonly known as Hines VA Hospital, follow the established policies, procedures, rules, regulations, customs and practices while providing health care services, including surgical, cardiology, nursing, and other related care, and each of them, to patients at the Defendant

16.    At all relevant times, including beginning in March, 2013, including from at least on or around March 5, 2013, the Defendant, VA, acting by and through its agents, employees, physicians and other health care providers, provided medical and health care services to the Decedent, Frank Workman, at the Defendant's Hospital from Hines Veterans Administration

4

Medical Center.

17.   At all relevant times, including beginning from at least on or around March 5, 2013 and continuing on through and including at least March 7, 2013, the Defendant, VA, acting by and through its agents, employees, physicians and other health care providers, provided medical and health care services to the Decedent, Frank Workman, a veteran.

18.   The Defendant, VA, acting by and through its employees, agents, physicians and health care providers, provided or were to provide medical care, work-up, assessment, diagnosis, treatment, and other services to and for the Decedent, Frank Workman, for surgery and post-surgical care, including for cardiology concerns, including a cardiac arrest that occurred on or around March 5, 2013.

19.   While the Decedent was at the Defendant, VA's hospital beginning in or around March, 2013, the Defendant, VA, acting by and through its agents, employees, physicians and other health care providers, provided or should have provided care and treatment to the Decedent, including but not limited to care for cardiology issues, an impending cardiac arrest, a cardiac arrest and related conditions, and after he was experiencing a cardiac arrest, and then eventually transferred   the Decedent, Frank Workman, to Loyola University Medical Center.

20.   While at the Defendant, VA's hospital beginning in or around March, 2013 and thereafter, the Decedent, Frank Workman, received care and treatment from the Defendant, VA, acting by and through its agents, physicians and employees, nurses, technicians and others, but was allowed to have his cardiac condition, including his cardiac arrest, progress without intervention while at Hines VA Hospital, and he died after being transferred to Loyola University Medical Center.

5

21. In providing medical care, treatment and services to the Decedent, Frank Workman, it was the duty of the Defendant, VA, acting by and through its agents and employees, including but not limited to its physicians, nurses and technicians, to furnish the Decedent with competent, qualified, and skilled medical services, including diagnosis, care, treatment, follow-up and monitoring services.

22. In breach of this duty, the Defendant, VA, acting by and through its agents and employees, including but not limited to its physicians, nurses, and health care providers, was negligent in committing one or more of the following acts or omissions:

a. failed to properly and promptly diagnose, treat, follow-up, monitor and care for the Decedent and his conditions;

b. failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures that directly or indirectly impacted the Decedent;

c. failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures for the Decedent and the conditions he had;

d. failed to use prompt and proper skill, knowledge and technique in providing and securing the provision of appropriate care services, including examining, diagnosing, monitoring, treating and performing the services for the Decedent and his conditions, including but not limited to the cardiac arrest;

e. failed to provide and obtain reasonably well-qualified health care professionals, including physicians, consultants, nurses, employees and agents, for the diagnosis, care, monitoring and treatment of the Decedent;

f. failed to properly establish, direct, monitor and follow appropriate applicable hospital rules, regulations, policies, procedures, customs and practices in the care and treatment related to the Decedent and his conditions;

g. failed to promptly and properly communicate and advise the Decedent of his conditions, the care being performed, and the risks and alternatives to such care;

m. was otherwise negligent in providing care to and for the Decedent.

6

23.    As a direct and proximate result of one or more of the above negligent acts or omissions by the Defendant, VA, the Decedent, Frank Workman's condition worsened, and he died on or about March 7, 2013.

24.    The Decedent, Frank Workman, left as his only surviving heir his wife, Sylvia Workman, who was married to him before and at the time of his death, and his adult children, Jennifer Neikens and Jason Allen Workman.

25.    On January 30, 2013, the Plaintiff, Sylvia Workman, as wife of the Decedent was appointed as the Special Administrator of the Estate of Frank Workman, deceased, and is authorized to bring this cause of action.

26.    The Plaintiff brings this Count for and on behalf of the Decedent's heirs, Sylvia Workman, Jennifer Neikens and Jason Workman.    The heirs have and with reasonable likelihood will continue to suffer pecuniary damages, expenses, the loss of society, love, companionship, support, consortium, services, comfort and guidance, grief, and other losses as a result of the untimely death of the Decedent, Frank Workman, caused by this Defendant's negligent acts and/or omissions.

27.    On July 15, 2009, and for a substantial time prior thereto, there was in full force and effect a statute in the State of Illinois commonly known as the Wrongful Death Act, 740 ILCS 180, *et seq*., which provides a cause of action for the death of a person by wrongful act, neglect or default.

28.    Attached hereto is the Affidavit required under 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Sylvia Workman, as Special Administrator for the state of Frank Workman, deceased, prays for judgment against the Defendant, Hines Veteran's Hospital, in

an amount in excess of the jurisdictional minimum together with the costs of the suit.

By: _____S/S. Jerome Levy_____
S. Jerome Levy

Atty. No. 41992
S. JEROME LEVY & ASSOCIATES, P.C.
One East Wacker Drive, Suite 2500
Chicago, Illinois 60601
(312) 832-1616

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

SYLVIA WORKMAN, AS SPECIAL           )
ADMINISTRATOR OF THE ESTATE OF       )
FRANK WORKMAN, DECEASED,             )
                                     )
        Plaintiff,                 )
                                     )
vs.                                  )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
Defendant.                           )

AFFIDAVIT OF S. JEROME LEVY

S. Jerome Levy, having been duly sworn on oath, deposes and states:

1.   I am above, the age of eighteen, am competent to testify, am the attorney for the
Plaintiff in this case and have personal knowledge of the facts stated herein.

2.   I have been unable to obtain a consultation required by Paragraph 1 of section 5/2-622
because the Decedent=s complete medical records, including from Defendant, Hines VA Hospital,
and Loyola University Medical Center, where all of the Plaintiff=s treatment at issue in this case
was provided, were previously requested but to date not all of the records have been provided.

3.   I intend to file the required consultation as required under Illinois law.

AFFIANT FURTHER SAYETH NOT.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the
undersigned certifies that the statements set forth in this instrument are true and correct, except as
to matters therein stated to be on information and belief and as to such matters the undersigned
certifies as aforesaid that she verily believes the same to be true.

                            S/S. Jerome Levy                 

Atty. No. 41992
S. JEROME LEVY & ASSOCIATES, P.C.
33 North Dearborn, Suite 1617
Chicago, Illinois 60602

9

(312) 832-1616